

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Louis M. Crump
County Attorney
Coleman County
Coleman, Texas

Dear Sir:

Opinion No. O-3884
Re: Is the Commissioners' Court au-
thorized under the law to make
any payment of county funds to
members of the draft board for
services rendered by them in
carrying out the provisions of
the "Selective Training and Ser-
vice Act of 1940"?

Your letter of August 21, 1941, requesting an opin-
ion of this department upon the above stated question has been
received.

We quote from your letter as follows:

"The Commissioners' Court of Coleman County
has been requested to make a small payment out
of County Funds to the members of the local Draft
Board, which has been created under what is known
as the SELECTIVE SERVICE ACT, by Congress. Per-
taining this matter I wish your department would
give me an opinion on the following question.

"Is the Commissioners Court of this county,
authorized under the law, to make any payments
out of County funds to members of the Draft Board
for services rendered by them in carrying out the
provisions of the Act, that is Selective Service
Act?"

"It is my opinion, and I have so advised the
Commissioners Court, that under the laws of this
State, the Court has no authority to make payments
out of County Funds to the members of the local

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Louis M. Crump, Page 2

draft board, for services rendered in carry-
ing out the terms of the Selective Service Act."

The act authorizing the creation of one or more
local boards in each county or political subdivision corres-
ponding thereto of each state, territory, and the District of
Columbia is cited as the "Selective Training and Service Act
of 1940". Section 10 of this act provides in part:

"Sec. 10. (A) The President is authorized -

"(1) To prescribe the necessary rules and regu-
lations to carry out the provisions of this act;

"(2) To create and establish a selective ser-
vice system, and shall provide for the classifica-
tion of registrants and of persons who volunteer for
induction under this act on the basis of avail-
ability for training and service, and shall estab-
lish within the selective service system civilian
local boards and such other civilian agencies, in-
cluding appeal boards and agencies of appeal, as
may be necessary to carry out the provisions of
this act.

"There shall be created one or more local
boards in each county or political subdivision
corresponding thereto of each state, territory,
and the District of Columbia.

"Each local board shall consist of three or
more members to be appointed by the President,
from recommendations made by the respective
governors or comparable executive officials.

"No member of any such local board shall be
a member of the land or naval forces of the United
States, but each member of any such local board
shall be a civilian who is a citizen of the
United States residing in the county or political
subdivision corresponding thereto in which such
local board has jurisdiction under rules and
regulations prescribed by the President. Such
local boards, under rules and regulations pre-
scribed by the President, shall have power within
their respective jurisdictions to hear and deter-
mine, subject to the right of appeal to the appeal

Honorable Louis M. Crump, Page 3

boards herein authorized, all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under this act of all individuals within the jurisdiction of such local boards.

"The decisions of such local boards shall be final except where an appeal is authorized in accordance with such rules and regulations as the President may prescribe. Appeal boards and agencies of appeal within the selective service system shall be composed of civilians who are citizens of the United States.

"No person who is an officer, member, agent, or employee of the selective service system, or of any such local or appeal board or other agency, shall be exempted from registration, or deferred from training and service, as provided for in this act, by reason of his status as such officer, member, agent or employee.

". . . .

"(4) To utilize the services of any or all departments and any and all officers or agents of the United States and to accept the services of all officers and agents of the several states, territories, and the District of Columbia and subdivisions thereof in the execution of this act;

". . . .

"(C) In the administration of this act voluntary services may be accepted. Correspondence necessary in the execution of this act may be carried in official penalty envelopes.

". . . ."

It is well established in this State that: "Commissioners' Courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of the respective counties and that their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of this State." (See Texas Jurisprudence, Vol. 11, p. 564 and the authorities cited thereunder.)

Honorable Louis M. Crump, Page 4

The authority of the Commissioners' Court as the governing body of the county to make contracts in its behalf is strictly limited to that conferred either expressly or by fair or necessary implication by the Constitution and laws of this State. If the Commissioners' Court acts without authority in making a contract, the county is not bound by its actions. The Commissioners' Court must have authority of law for its contracts, and, if the authority has been given, a reasonable construction of it will be given to effect its purpose. (See Texas Jurisprudence, Vol. 11, p. 632, and authorities cited therein.)

We think that it is clear that the members of the various local boards hold their positions by virtue of the above mentioned Selective Training and Service Act of 1940, and that the Commissioners' Courts of the various counties are not authorized either expressly or by implication to make any payments out of county funds to any member of the various local boards. Therefore, it is the opinion of this department that the above stated question should be answered in the negative, and it is so answered.

We thank you for the brief submitted with your inquiry.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED AUG 29, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:CO



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN